**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 5, 2023

Carmella P. Keener, Esquire
Cooch and Taylor, P.A.
1000 N. West Street, Suite 1500
Wilmington, Delaware 19899

P. Bradford deLeeuw, Esquire
deLeeuw Law LLC
301 Walnut Green Road
Wilmington, Delaware 19807

Michael A. Pittenger, Esquire
Jacqueline A. Rogers, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19801

> RE: *In re Kraft Heinz Demand Refused Derivative Stockholder Litigation*,
> C.A. No. 2022-0398-LWW

Dear Counsel,

I have reviewed the parties' submissions regarding defendant 3G Capital Inc.'s Motion to Bifurcate Rule 23.1 and Rule 12(b)(6) Motion to Dismiss Proceedings (the "Motion").[1] The "3G Defendants" assert that their arguments under Rules 23.1 and 12(b)(6) are "independently dispositive" and ask that I "bifurcate these motions and first consider briefing and argument on the motion to

---

[1] Def. 3G Capital Inc.'s Mot. to Bifurcate Rule 23.1 and Rule 12(b)(6) Mots. to Dismiss Proceedings (Dkt. 57) ("Mot."); Opp'n to Def. 3G Capital Inc.'s Mot. to Bifurcate Rule 23.1 and Rule 12(b)(6) Mots. to Dismiss Proceedings (Dkt. 60). The "3G Defendants" are 3G Capital, Inc., 3G Capital Partners Ltd., 3G Capital Partners II LP, 3G Global Food Holdings GP LP, 3G Global Food Holdings LP, and HK3 18 LP. Mot. 1.

dismiss under Rule 23.1."[2]  To the extent that the Motion is not moot, it is denied.

This court "possesses the inherent power to manage its own docket . . . on the basis of comity, efficiency, or simple common sense."[3]  On comity, I am sympathetic to the complexities and burdens presented by briefing two different sets of dismissal arguments at once.  But efficiency and common sense cut against bifurcation in this instance.  To potentially hold two rounds of motion to dismiss briefing, argument, and decision-making would risk even greater inefficiency and burdens for the parties and the court.

At present, it is impossible for me to say whether the defendants' Rule 23.1 arguments are arguably dispositive such that I need not hear their Rule 12(b)(6) arguments.[4]  Often, issues of demand futility (or refusal) are intertwined with the merits; the court routinely hears Rule 23.1 and Rule 12(b)(6) motions simultaneously for that reason.  If I can promote efficiency in this action by limiting the scope of

---

[2] Mot. ¶ 2.

[3] *Paolino v. Mace Sec. Intern., Inc.*, 985 A.2d 392, 397 (Del. Ch. 2009).

[4] This is not a situation where threshold jurisdictional issues may prevent the court from addressing substantive matters.  *E.g.*, *Harris v. Harris*, 289 A.3d 310, 343 (Del. Ch. 2023) (deferring consideration of a Rule 12(b)(6) motion until the court ruled on a Rule 12(b)(2) motion and determined that it had personal jurisdiction over the defendant); *S'holder Rep. Servs., LLC v. HPI Hldgs.*, 2023 WL 3092895, at *3 (Del. Ch. Apr. 26, 2023) (resolving a motion for lack of subject matter jurisdiction and improper venue before addressing Rule 12(b)(6) motions).  Rule 23.1 may raise questions of standing—but not this court's power to rule on the defendants' defenses.

oral argument after reviewing the parties' briefs, I will alert the parties promptly.

For now, the defendants should endeavor to brief all pleading-stage grounds for

dismissal and present them together.[5]

Accordingly, the Motion is denied.  To the extent necessary for this decision

to take effect, IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

cc:  All counsel of record (via File&Serve*Xpress*)

---

[5] I note that the defendants' opening briefs were filed while the Motion was under submission.  Dkts. 64-65, 67.